# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAFAEL FUENTES,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No: 6:16-cv-1616-Orl-41DCI

**ST. ABANOUB GROUP, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. 36)** |
| **FILED:** | **January 12, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND

On September 15, 2016, Plaintiff filed a Complaint against Defendant alleging two causes of action arising under the Fair Labor Standards Act (the FLSA); specifically, a cause of action for recovery of unpaid minimum wages and a cause of action for retaliation in violation of the FLSA. Doc. 1. On October 21, 2016, Defendant filed its Answer and Affirmative Defenses. Doc. 9.

On January 12, 2018, the parties filed an amended joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement).[1] Docs. 36; 36-1. The Agreement provides that Defendant will pay Plaintiff $12,000.00 to settle Plaintiff's FLSA claims: $1,500.00 in unpaid overtime wages, $1,500.00 in liquidated damages, and $9,000.00 in attorney fees. Docs. 36 at 3; 36-1 at 3. The parties request that the Court approve the Agreement and dismiss this case with prejudice. Doc. 36 at 6.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The parties' original motion to approve settlement was denied, in part, because the parties failed to attach a copy of the executed settlement agreement. *See* Doc. 35.

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   ANALYSIS

**A. Settlement Amount.**

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 9; 36 at 5. In their Motion, the parties represented the following: that the parties engaged in substantive discovery; that Defendant produced complete and thorough records; that upon review of those records, Plaintiff determined that he had been paid for all hours worked; that Plaintiff, as a result, no longer wishes to pursue his good faith claim for the recovery of unpaid minimum wages; that the parties vigorously

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

disputed the merits of the case; that each party was represented by competent and experienced counsel; that the parties entered into the settlement agreement in recognition of the risks inherent in any litigation; and that the parties agree that $1,500.00 in lost wages and $1,500.00 in liquidated damages is a fair and reasonable resolution of Plaintiff's retaliation claim. Doc. 36 at 1-6.

Based upon the foregoing, the undersigned finds that $3,000.00[5] is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Upon review of the Agreement, the undersigned finds that the terms of the Agreement do not affect the overall reasonableness of the settlement. The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.

Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $9,000.00 as attorney fees and costs. Docs. 36 at 3; 36-1 at 3. The parties represented that the attorney fees and costs were negotiated separately. Doc. 36 at 2. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is

---

[5] This settlement amount does not include the amount Defendant will pay Plaintiff in attorney fees in costs, which is discussed *infra* at Section III.C.

**RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 36) be **GRANTED** as follows:

1. The Agreement (Doc. 36-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claims;

2. The case be **DISMISSED with prejudice**; and

3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on February 27, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

- 5 -

Courtroom Deputy

- 6 -